Peck, J.
If, at the time of the contract, the understanding of the parties was, that the credit was given to the public, and not the agent or person contracting as such, then such agent or person, so contracting, would not be bound; but the obligee would have to look to the public, or body for which such agent acted.
In this case the intention is not disclosed, otherwise than as the same may be collected from the agreement. From that contract, three things are discernible. First: That the court has appropriated a fund for the building of *447 this bridge. Second: That this fund has been collected. Third: That the commissioners, the obligors, have a power to dispose of it to this particular end. Taking these together, it is satisfactory to our minds, that the fund, so collected, was either in the hands of the obli-gors, or subject to their control. Good faith, under the agreement, required that those contracting to pay on performance of the labour, should see the fund applied in discharge of the obligation; and especially, if it can be fairly seen, that Finch did not intend to look to the county court. Indeed, that body, it seems, could do no more than make an appropriation. That they had already done; and we have already said, the fund being collected, must have been either in the hands of the commissioners, or subject to their order. It was their duty to have seen to its application in discharge of the obligation.
On this demurrer, we are bound, in giving construction to the bond, to take it most strongly against the makers. Suppose the plaintiff below had brought his claim in some shape before the county court, that body would have answered in the language of the bond, “we have made the appropriation, the commissioners have the control of it, you hold their obligation, look to them.”
Whyte, J.
It is argued in support of the demurrer, that a suit cannot be sustained against the plaintiffs in error, in their private capacity. That the agent of a government, or other public agent, is not liable to a suit upon a contract made by him, in his capacity of agent, is owing to the established and well known course of business, that he is not the hand to pay, provision being otherwise made by the principal; as at some office, or by some prescribed mode; the contract being the evidence of the claim, either in whole or in part, according to its nature and other circumstances. Upon this principle rests the non-liability of the agent; but even in a case of this kind, where he-would not be otherwise liable, he may *448 make himself so by the terms of the contract, and there-1 , , -,-v , by become responsible m ms own right. Does the pre-gent case indicate this responsibility, or has it an ulterior view to the county of Weakley as debtor? We think the parties to this contract did not mean the latter. For, besides the execution of the instrument in a private capacity, the intention is plain that the defendant in error relied upon the obligors as his debtors; otherwise, why was it stated, that the appropriation was made, and the money collected, if they were not the hand to make payment. The statement strongly implies this intention, and that it was inserted at the instance of the defendant in error, for his benefit, and in exclusion of his looking beyond them.
Catron, J. concurred.
Judgment affirmed.